### DISCHARGE OF MEN IN THE CLASSIFIED SERVICE.

Superior Court of Cincinnati.

STATE, EX REL JAMES CONNOLLY, V. PHILIP FOSDICK, DIRECTOR OF PUBLIC SERVICE, ET AL.

Decided, June, 1915.

*Civil Service—No Prohibition Against Discharge Except for Political or Religious Reasons—Courts Can Not Inquire into the Truth or Falsity of Reasons Assigned, When.*

1. The civil service statute of this state (General Code, Section 486-17; 103 O. L., 707), forbids discharge from the classified service "for religious or political reasons" but contains no other prohibition in this respect, and where the reason assigned for a discharge is not "religious or political" and the requirements of the statute as to notice, furnishing reasons and affording time for explanation have been complied with, the court can not compel the reinstatement of the person thus discharged.

2. Where the matters of fact assigned as reasons would, if true, afford ground for discharge and it is not claimed that the discharge was

made for "religious or political reasons," the court can not inquire into the truth or falsity of the assigned reasons.

*Moulinier, Bettman & Hunt,* for relator.

*Walter M. Schoenle,* City Solicitor, and *Carl M. Jacobs, Jr.,* Assistant Solicitor, contra.

PUGH, J.

The petition in this case sets out that, on March 5th, 1912, the relator, James Connolly, was duly appointed telephone clerk in the water works department of the city of Cincinnati; and "that said position was at the time of such appointment and has been ever since and is now in the classified service of said city; that relator was appointed from an eligible list, certified by the civil service commission of said city," and that the relator "occupied said position" and performed the duties thereof from the date of said appointment up to and including April 5th, 1915.

On April 3d, 1915, the director of public service, "the appointing officer," discharged the relator and, in the written notice served upon the latter assigned as the reason:

"Failure to report one of the valvemen under his charge for reporting for work in an unfit condition."

This is an action wherein it is asked that a writ of mandamus be issued to the said director requiring him to reinstate the relator and for an injunction against the civil service commission forbidding it from certifying any other person for appointment to the position.

The petition, after setting out a copy of the order of discharge, recites:

"That the said reasons for discharge given in said order are and were not true; that said reasons given have absolutely no basis of fact and are completely fictitious; that relator was never in charge of any valve-men; that said order and reasons for discharge are therefore not in accordance with the civil service statutes of the state."

It is claimed that the discharge, under the circumstances above set forth, was illegal.

The defendants have filed a general demurrer to this petition, and the only question therefore is whether the discharge is in violation of the civil service law of this state.

The matter of discharge from the classified service is regulated by General Code, Section 486-17 (103 O. L., 707), as follows:

"No person shall be discharged from the classified service, reduced in pay or position, laid off, suspended or otherwise discriminated against by the appointing officer for religious or political reasons. In all cases of discharge, lay off, reduction or suspension of a subordinate, whether appointed for a definite term or otherwise, the appointing officer shall furnish the subordinate discharged, laid off, reduced or suspended with a copy of the order of discharge, lay off, reduction or suspension, and his reasons for the same, and give such subordinate a reasonable time in which to make and file an explanation. Such order together with the explanation, if any, shall be filed with the commission."

This section forbids discharges for "religious or political reasons" but says nothing whatever concerning discharges for other reasons. Before the enactment of the civil service statute, the appointing officer, in cases like the one at bar, could legally discharge appointees for any reason that appealed to him, or, indeed without any reason at all. The section above quoted withdraws this power of discharge in the two instances specified, i. e., where the reasons are "religious or political," but leaves it intact in all other cases.

There is no allegation in the petition in this case nor has any claim been made that the discharge was for "religious or political reasons." So far as the averments of the pleading go, the director may have removed the relator through mistake, or there may have been a disagreement or misunderstanding as to the scope and extent of the subordinate's duties. In any event, the court has no jurisdiction to review the act of an appointing officer in making a discharge where all the requirements of the statute, such as relate to giving notice, furnishing reasons and affording time for explanation have been complied with, and there is no claim that the discharge was for "religious or political reasons."

The requirement that the appointing officer shall furnish the reason for the discharge appears to have been intended as a safeguard against discharges on the prohibited grounds. There is nothing in the civil service statute that suggests or conveys the notion that discharges can not be made for reasons which are not "religious or political," and it is incomprehensible that the General Assembly could have intended to forbid them and yet have left the matter entirely to construction. The natural inference would seem to be that when the Legislature undertook to enumerate the reasons for which discharges could not lawfully be made, it would name them all.

The case of *State, ex rel Leroy,* v. *Holmes,* decided by this court and reported in 15 Ohio N.P.(N.S.), 630, is not analogous to the one under consideration. In that instance, it was alleged in the petition that the relator had been removed for "political reasons" and that the ones assigned in the order of discharge were a mere sham or cover for the real ones. In determining this issue of fact, the court had to inquire. *inter alia,* into the truth of the alleged reasons for the purpose of ascertaining whether as claimed they were a sham or disguise for political motives and influences.

In the case at bar, even if the statements of fact furnished the relator as a reason for his discharge were "not true," had "absolutely no basis of fact," and were "completely fictitious" as alleged in the petition, none the less the discharge was not in violation of the civil service law of this state unless made for "religious or political reasons."

The suggestion that a civil service statute like this affords no great protection to appointees in a competitive classified public service, may be well founded, but it should be addressed to the legislative branch of the government and not to the judicial. The General Assembly has enacted this law and the courts must accept it as thus enacted and not attempt to improve or amend it by judicial interpretation.

The demurrer will therefore be sustained.